

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 17 2018

JAMES W. McCORMACK, CLERK
By: _____
                                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARIO BAILEY, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

**vs.**                          No. 4:18-cv-_538 - SWW_

**NEW AGE DISTRIBUTING, INC.**                    **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Mario Bailey ("Plaintiff"), individually and on behalf of all

others similarly situated, by and through his attorneys Sean Short, Chris Burks and Josh

Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and

Collective Action against Defendant New Age Distributing, Inc. ("Defendant"), and in

support thereof he does hereby state and allege as follows:

## I.      INTRODUCTION

1.      This is a class and collective action brought by Plaintiff, individually and on

behalf of all others similarly situated, against Defendant for violations of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and

the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff, individually and on behalf of all others similarly situated, seeks

declaratory judgment; monetary damages; liquidated damages; prejudgment interest;

costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of

failing to pay Plaintiff and other similarly situated individuals proper overtime

This case assigned to District Judge _Wright_
and to Magistrate Judge _Ray_

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.      Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6.      This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      Defendant conducts business within the State of Arkansas, with its principal place of operation being in Little Rock.

8.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9.      Plaintiff was employed at Defendant's business located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

10.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11.    Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

12.    Plaintiff was hired by Defendant to work as a delivery driver, helper, and driver/helper from approximately November of 2016 until March of 2018.

13.    During Plaintiff's employment, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff a salary.

14.    At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.    Defendant is a for-profit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, providing business-to-business beverage distribution services.

16.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18.    Defendant's principal address is 1400 East 28th Street, Little Rock, Arkansas 72204.

19.    Defendant's registered agent for service of process in the State of Arkansas is Don Frantz, 1000 East Markham Street, Little Rock, Arkansas, 72201.

20.    Defendant has all times relevant hereto employed four or more individuals.

## IV.    FACTUAL ALLEGATIONS

21.    Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22.    During Plaintiff's employment, Plaintiff worked for Defendant as a delivery driver, helper, and driver/helper and was responsible for assisting in the transport and delivery of beverages to Defendant's customers.

23.    Plaintiff and other delivery drivers, helpers, and drivers/helpers worked more than forty (40) hours per week on a regular, typical basis while working for Defendant.

24.    Plaintiff and other delivery drivers, helpers, and drivers/helpers were paid a salary for all hours worked, with no overtime premium for hours worked in excess of forty (40) hours per week.

25.    Plaintiff and other delivery drivers, helpers, and drivers/helpers never agreed that their salary would be sufficient to cover all hours worked.

26.    Plaintiff and other delivery drivers', helpers', and drivers'/helpers' annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

27.    Plaintiff and other delivery drivers, helpers, and drivers/helpers did not

manage the enterprise or a customarily recognized subdivision of the enterprise.

28.     Plaintiff and other delivery drivers, helpers, and drivers/helpers did not exercise discretion and independent judgment with respect to any matters of significance.

29.     Plaintiff and other delivery drivers, helpers, and drivers/helpers did not provide any training for any employee nor did they direct the work of any employee.

30.     Plaintiff and other delivery drivers, helpers, and drivers/helpers did not select any employees for hire nor did Plaintiff and other drivers/helpers have any ability to fire an employee.

31.     Plaintiff and other delivery drivers, helpers, and drivers/helpers did not have any control of or authority over any employee's rate of pay or working hours.

32.     Plaintiff and other delivery drivers, helpers, and drivers/helpers drove (or loaded or otherwise helped others do the same) vehicles that weigh under 10,001 pounds, and they did so on at least a weekly basis.

33.     Defendant did not pay Plaintiff and other delivery drivers, helpers, and drivers/helpers one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) per week.

34.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other delivery drivers, helpers, and drivers/helpers violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

35.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.     Plaintiff brings his FLSA claims on behalf of all salaried delivery drivers, helpers, and drivers/helpers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA  and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.      Liquidated damages and attorneys' fees and costs.

38.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

39.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.      They were paid salary; and

C.      They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay for hours worked over forty (40) per work week.

41.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 40 persons.

42.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

43.     Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

45.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     Plaintiff proposes to represent the class of salaried delivery drivers, helpers, and drivers/helpers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

48.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 40 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52.     Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

53.     No difficulties are likely to be encountered in the management of this class action.

54.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as a salaried employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

56.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

58.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

60.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

61.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62.     29 U.S.C. §207 requires any enterprise engaged in commerce to pay all

employees time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

64.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

66.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

67.     Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

68.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

69.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70.     Arkansas Code Annotated § 11-4-211 requires employers to pay all

employees one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

71.     Defendant classified Plaintiff as exempt from the overtime requirements of the AMWA.

72.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

73.     Defendant willfully failed to pay overtime wages to Plaintiff.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

75.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

76.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77.     Plaintiff asserts this claim on behalf of all delivery drivers, helpers, and drivers/helpers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

78.    Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA.

80.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

81.    Defendant failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

82.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All delivery drivers, helpers and drivers/helpers employed by Defendant within the past three years.**

83.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

84.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

85.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of the AMWA)

86.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

87.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA.

88.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

89.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90.    Despite the entitlement of Plaintiff and members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

91.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All delivery drivers, helpers and drivers/helpers employed by Defendant within the past three years in Arkansas.**

92.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Mario Bailey, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C.    For orders regarding certification of and notice to the proposed collective and class action members;

D.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F.      Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed collective and class members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed collective and class members during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MARIO BAILEY Individually and
on Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com n

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARIO BAILEY, Individually and on**                                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:18-cv-_____

**NEW AGE DISTRIBUTING, INC.**                              **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried delivery driver, helper and/or driver/helper for New Age Distributing, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
MARIO BAILEY

Date: July 5, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**