IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARIO BAILEY, Individually and on**                                         **PLAINTIFF**
**Behalf of All Others Similarly Situated**

**V.**                              **NO. 4:18-cv-538-JM**

**NEW AGE DISTRIBUTING, INC.**                                            **DEFENDANT**

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant New Age Distributing, Inc. ("New Age"), by and through its counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, McClure & Vandiver, PLLC, for its Brief in Support of Defendant's Motion for Summary Judgment pursuant to Local Rule 7.2, states:

**I.    STATEMENT OF FACTS**

Please see Defendant's Statement of Facts incorporated by reference.

**II.    ARGUMENT**

The Eighth Circuit summarized the law regarding summary judgment in employment cases:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. . . . The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. . . . [Previous Eighth Circuit panel statements] asserting a different

> standard of review for summary judgment in employment discrimination cases are contrary to Supreme Court precedent. The Court has reiterated that district courts should not treat discrimination differently from other ultimate questions of fact. In a landmark case, the Court wrote: Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. Because summary judgment is not disfavored and is designed for every action, panel statements to the contrary are unauthorized and should not be followed. There is no discrimination case exception to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc) (internal citations and quotations omitted).

The Arkansas Minimum Wage Act ("AMWA") relies on federal precedent established under the Fair Labor Standards Act ("FLSA") in interpreting and applying the provisions of the AMWA. Ark. Admin. Code 010.14-11. Plaintiffs who sue for unpaid overtime have the burden of proving that they performed work for which they were not properly compensated. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014). General allegations couched in base assertions and vague testimony that fails to reference specific days and hours worked fail to meet "even the relaxed evidentiary standards." *Id.* at 1059-1060.

If Plaintiffs identify a factual dispute, "a disputed fact alone will not defeat summary judgment." *Torgerson,* 643 F.3d 1031, 1042 (8th Cir. 2011). Rather, "there must be a genuine issue of material fact." *Id.* (citing *Liberty Lobby,* 477 U.S. at 247–48). "To be material, a fact 'must affect the outcome of the suit under the governing law.'" *Id.* The "essential inquiry" at the summary stage, when viewing the record as a whole, is whether the evidence is "so one-sided that is does not present a significant disagreement to require submission to the jury." *Torgerson*, 643 F.3d at 1052. Speculation and conjecture are insufficient to defeat summary judgment. *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 794 (8th Cir. 2012).

A.      **Plaintiffs' Evidence is Insufficient**

An employee who brings suit under the FLSA for unpaid overtime compensation has the burden of proving that they performed work for which they were not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Employers are required to keep records of wages and hours. 29 U.S.C. § 211(c). If an employer fails to maintain accurate time records, the employee is relieved of proving the exact extent of uncompensated work and is given a relaxed evidentiary standard. *Carmody v. Kan. City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013). The relaxed standard is met if an employee has sufficient evidence to show the amount and extent of work "as a matter of just and reasonable inference." *Id*. While the burden may be relaxed, it is not eliminated, and the employees must still prove the existence of damages. *Id*. at 407.

Plaintiffs have failed to establish sufficient evidence even under the more relaxed standard. General allegations couched in bare assertions and vague testimony that fails to reference specific days and hours worked fails to meet "even the relaxed evidentiary standard." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059-60 (8th Cir. 2014). Even when an employee gives an estimate of hours worked every week, they are still required to provide a meaningful explanation of how they arrived at the estimate. *Id*. at 1060. When the employee can only provide vague testimony that fails to reference specific days, then the employee fails to supply a meaningful explanation. *Id*.

In *Thompson v. Shock*, this Court explained that plaintiffs must still provide details, even under the relaxed evidentiary standard, that would allow a fact-finder to determine a plaintiff worked beyond forty hours in any specific week of employment. *Thompson v. Shock*, No. 4:13-cv-735-KGB, 2015 U.S. Dist. LEXIS 81902, at *39 (E.D. Ark. June 24, 2015). That court ruled that Thompson fail to meet the realized evidentiary standard because Thompson provided

"contradictory and bare assertions of how he spent his time on-call and of his overtime hours worked while he was on call." *Id*. at *40. The *Thompson* court emphasized that Thompson failed to point out any specific week he worked beyond forty hours without being paid for it, just as plaintiffs in this case are unable to identify a specific week they worked beyond forty hours. *Id*.

An employee is not able to demonstrate the amount of overtime he worked when he did not keep notes contemporaneously and he admits that he has no notes, nor other objective evidence, demonstrating the amount of overtime worked. *Zhou v. IBM*, No. 15-CV-1027-LRR, 2017 U.S. Dist. LEXIS 48547, at *64 (N.D. Iowa Mar. 31, 2017). Zhou was unable to meet even the relaxed evidentiary standard because he could only demonstrate the amount of uncompensated time based on mere approximation or guesswork. *Id*. at *66. Like in *Zhou*, the allegations in this case are unsupported by anything other than Plaintiffs' own self-serving statements, and therefore they cannot meet even the relaxed evidentiary standard.

Over-inclusivity, such as not excluding weeks with holidays or weeks an employee takes time off, undermines the sufficiency of overtime evidence even when the relaxed evidentiary standard is employed. *Rickard v. Hennepin Home Health Care, Inc*., No. 15-CV-3224 (JNE/KMM), 2016 U.S. Dist. LEXIS 143757, at *8 (D. Minn. Oct. 17, 2016). The *Rickard* court explained that blanket statements made by the employee, such as the employee claiming they never took a lunch break, constituted vague and contradictory evidence that failed to meet the evidentiary standard. *Id*. Rickard was unable to describe what tasks she performed while claiming she could not take breaks, nor could she describe how much time was spent on each task, just like Plaintiffs in this case cannot proffer evidence of how they worked nonstop each day of the week without ever taking a day off work or time off for a break. *Id*. The *Rickard* court correctly held that the

employee provided "no meaningful details", and that these unsupported estimations were insufficient even though Rickard was not held to precision in estimating overtime. *Id*. at *9.

*Dalton* involved an employee who was unable to survive summary judgment because she conceded she had no documentation showing her hours for any specific week and she was unable to cite an example of a week she worked more than forty hours. *Dalton v. Hennepin Home Health Care, Inc*., No. 15-cv-1566 (JNE/KMM), 2016 U.S. Dist. LEXIS 108765, at *6 (D. Minn. Aug. 16, 2016). Like Plaintiffs in this case who cannot point to a single week where they worked overtime, Dalton gave general estimate of hours worked a week, but admitted the hours varied from week to week. *Id*. at *5. Plaintiffs' complete inability to identify a specific week they worked overtime, while instead alleging that they worked overtime every week, is fatal and renders them unable to meet either evidentiary standard.

In *Santiago*, the plaintiff was unable to provide any documentation detailing his days or hours worked, nor could he provide details which would allow a jury to determine he worked beyond forty hours in any specific week. *Santiago v. Saunders*, No. 14-61505-CIV-MORE, 2015 U.S. Dist. LEXIS 93999, at *6-7 (S.D. Fla. July 20, 2015). The *Santiago* court noted it joined many others when it ruled that the plaintiff could not satisfy the relaxed evidentiary standard when the employee could not explain even the vaguest details of the time he worked. *Id*. at *7. As was the case with Plaintiffs in this case, Santiago's testimony was rebuffed by two former coworkers who contradicted Santiago's testimony that he did not miss lunch and that he was always working. *Id*. at *8. These rebuttals, combined with Santiago's imprecise guesswork, made Santiago's proof insufficient to establish Santiago had satisfied the relaxed evidentiary burden. These facts are analogous because Plaintiffs only have estimates created by guesswork and cannot provide any documents to support the vague estimates. Furthermore, Plaintiffs' guesswork is contradicted by

former coworkers and supervisors regarding the alleged amount of overtime that Plaintiffs claimed they worked. Therefore, this Court should join the many others that have found such vague, bare, and contradicted assertions are insufficient to satisfy the relaxed evidentiary standard.

None of the Plaintiffs are able to lend specificity to their estimates, as required by the FLSA. *Lindsay v. Clear Wireless LLC*, No. 13-834(DSD/FLN), 2016 U.S. Dist. LEXIS 31663, at *24 (D. Minn. Mar. 10, 2016). In *Lindsay*, the employee's lack of specificity, combined with the fact none of Lindsay's testimony was corroborated by other sources, led the court to rule that he could not succeed on his claims as a matter of law. *Id*. Broad statements to describe how estimations on the average amount of hours work were created, especially when the broad statements cannot identify what activities were performed or which weeks overtime was worked, is considered too vague to serve as sufficient evidence. *Id*. at *27. Plaintiffs in this case are plagued by similar instances of inability to be specific regarding what work was performed and when the work was performed.

There must be corroborating testimony from witnesses or documentation to support overtime claims for a plaintiff to prevail on a FLSA claim. *Vanhorn v. Tasneem Enter*., No. 4:13cv722, 2015 U.S. Dist. LEXIS 179579, at *8 (E.D. Ark. May 13, 2015). Furthermore, this Court noted that the damages calculations changed throughout the case, which the Court ruled created an issue of inconsistent evidence that would not allow a fact finder to determine the plaintiff to show a just and reasonable inference of hours worked. *Id*. Plaintiffs in this case have given several damages calculations that have changed throughout the present case. Plaintiffs' Supplemental Disclosures, Plaintiffs' First Amended Supplemental Disclosures, and Plaintiffs' Second Amended Supplemental Disclosures, attached as **Exhibit F** to Defendant's Motion for Summary Judgment. These updated damage calculations create an issue of inconsistent evidence

similar to the one referenced in *Vanhorn*. Similarly, as in *Vanhorn*, no Plaintiffs can provide witness testimony or documentation to support their overtime claims. Unsubstantiated testimony is insufficient to allow a fact-finder to find overtime hours as a matter of a just and reasonable inference. *Pena v. Kindler*, 187 F. Supp. 3d 1070, 1079 (D. Minn. 2016). Therefore, the Court is unable to determine the amount of work as a matter of just and reasonable inference, and the Plaintiffs should be found to have failed to satisfy its burden.

Other district courts in various circuits have concurred with the *Holaway* precedent in the Eighth Circuit. *DiSantis* ruled that an employee who testified that they worked overtime every week is merely putting forth "vague, conclusory, and speculative testimony" to support their claim. *DiSantis v. Morgan Props. Payroll Servs.*, No. 09-6153, 2010 U.S. Dist. LEXIS 96838, at *39 (E.D. Pa. Sep. 16, 2010). In that case, the court ruled that the plaintiff did not meet the relaxed burden when she could not provide a factual foundation for her estimate. *Id*. at *40. Plaintiffs in this case are completely unable to meet the "concrete particulars" required under both evidentiary standards, and instead can only provide guesswork. *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 119 (S.D.N.Y. 2009).

It is telling that no Plaintiffs have brought forth any other witnesses to support their claims that they worked unpaid overtime. When an employee relies solely on their own testimony to establish the amount of hours worked, instead of producing documents or additional witnesses, they fail to come forward with sufficient and credible evidence. *Robinson v. Roberts Hotels Mgmt. Detroit, LLC*, Civil Action No. 14-13899, 2016 U.S. Dist. LEXIS 390, at *15 (E.D. Mich. Jan. 5, 2016). Plaintiffs have not produced any witnesses to support their claims that they worked any unpaid overtime, let alone the levels they have alleged. Instead, Defendant has produced several former coworkers that contradicted Plaintiffs' self-serving testimony. Declaration of Kevin

Glason, attached as **Exhibit D** to Defendant's Motion for Summary Judgment; and Declaration of Bryan Wilson, attached as **Exhibit E** to Defendant's Motion for Summary Judgment.

Courts have ruled that the employee has not met their burden when they primarily rely on their memory. *Brown v. DS Servs. of Am., Inc.*, 246 F. Supp. 3d 1206, 1221 (N.D. Ill. 2017). Brown, like the Plaintiffs, gave an estimate for how much overtime she worked in a given time period, but she was unable to provide a basis for why she estimated the time as she did. *Id*. An employee is permitted to rely on their memory when they can point to "triggering factors" that could establish why they think they worked overtime a certain amount, such as missing a child's play, but when there is no evidence of the triggering factor, then any assertions are mere speculation. *Id*. at 1222. Plaintiff's allegations are completely devoid of any references to triggering factors that could explain their estimates, and therefore their speculation is insufficient. *Blakes v. Ill. Bell Tel. Co*., 75 F. Supp. 3d 792, 820 (N.D. Ill. 2014).

The above cases all demonstrate why Plaintiffs' allegations are insufficient for this Court to find the amount and extent of uncompensated work as a matter of just and reasonable inference. The court found in *Thompson* that bare assertions regarding the number of hours worked constitute insufficient evidence. Plaintiffs have provided estimates that are merely guesswork.  Plaintiffs allege that they worked the entire time after arriving at Defendant's facility, but no Plaintiff can give any specific facts regarding how often they did any type of work.

Furthermore, Plaintiffs' testimony suffers from over-inclusivity. The "estimates" purport to be numbers of hours worked every week. However, these time periods would have included holidays in which Plaintiffs would have performed no work at all. The estimations, or guesswork, were too vague to take these sorts of specificities into account, especially considering when the Driers and Helpers would switch from route to route each day or week. These estimations do not

allow a finding of the amount and extent of uncompensated work as a matter of just and reasonable inference.

Plaintiffs have their allegations contradicted by their former coworkers. Not only are Plaintiffs unable to provide any corroborating documentation to support their assertions, but their self-serving testimony is directly refuted by their former coworkers and supervisors. The declarations form the former coworkers are consistent with the declaration given by New Age's supervisors. Plaintiffs can only speak broadly about their alleged hours worked because they cannot provide a fair and reasonable inference for this Court to use.

The utter lack of corroborating evidence, whether it be documentation in the form of contemporaneous notes or additional witnesses, renders Plaintiffs unable to show the amount and extent of uncompensated work as a matter of just and reasonable inference. Plaintiffs are unable to meet even the relaxed evidentiary standard because they can only rely on vague testimony, bare assertions, and contradicted testimony.

There are nineteen (19) delivery routes that the company uses to deliver products to customers. These Routes have numbers, and they are Route 11, Route 15, Route 20, Route 30, Route 42, Route 50, Route 60, Route 70, Route 80, Route 90, Route 100, Route 200, Route 300, Route 400, Route 500, Route 600, Route 700, Route 800, and Route 901. These routes all go to different geographic locations. New Age services customers in a variety of cities, including Little Rock, Conway, Pine Bluff, Hot Springs, and Cabot. Frantz Decl., at ¶ 14; Davis Decl., at ¶ 14; Pumphrey Decl., at ¶ 15; Glason Decl., at ¶ 16; Wilson Decl., at ¶ 16. Of these nineteen (19) routes, five (5) of the routes include days where a Driver could potentially work more than eight (8) hours in a single day. However, Route 901 would never have a Driver work over forty (40) hours in a single week. Route 901 can take up to 10 (ten) hours on Monday, but it is less than six (6) hours

on Tuesday and is less than eight (8) hours on Friday. The Driver on that route will work a different route that takes less than eight (8) hours to deliver on the two days of the week. Frantz Decl., at ¶ 15; Davis Decl., at ¶ 15; Pumphrey Decl., at ¶ 16; Glason Decl., at ¶ 17; Wilson Decl., at ¶ 17.

The remaining four routes that include days where the route could take more than eight (8) hours to complete are Route 15, Route 30, Route 90, and Route 400. Frantz Decl., at ¶ 16; Davis Decl., at ¶ 16; Pumphrey Decl., at ¶ 17; Glason Decl., at ¶ 18; Wilson Decl., at ¶ 18. 22. But Plaintiffs have no specific evidence that any Plaintiff ever actually worked over forty (40) hours in any week.

It would have been impossible for all other opt-in Plaintiffs that worked as Drivers to have ever worked more than forty (40) hours in a week if they did not work on Routes 15, Route 30, Route 90, and Route 400. These Drivers who could not have worked more than forty (40) hours in a week are: James Crumpton, Ryan Goins, Imarcus Ewing, Buster Hunter, Keith Hatton, Jr., Kevin Gee, Ryan Scott, Javii Goins, Fonzell Jones, William Courtney, Lakendrick Jackson, Joseph Muldrow, Stevie Walker, Bernard Roseby, Christopher Williams, Sr., Sherman Avery, Kavin Bizzell, Larry Jackson, Joshua Lee, Terrell Parker, Brent Williams, Carl Kelly, Justin Holloman, Leeroy Blackmon, Tommie Keener, and Austin Lewis. Frantz Decl., at ¶ 21; Davis Decl., at ¶ 21; Pumphrey Decl., at ¶ 22; Glason Decl., at ¶ 23; Wilson Decl., at ¶ 23.

**B.      Fifteen Plaintiffs Lack Evidence Altogether**

An employee can prevail on a FLSA overtime compensation claim if he can show that he worked hours for which he was not paid. *Weber v. Fowler Foods, Inc*., No. 3:18CV00150 JM, 2019 U.S. Dist. LEXIS 118023, at *3 (E.D. Ark. July 16, 2019) (citing *Blevins v. City of Plainview*, 2013 U.S. Dist. LEXIS 203221, 2013 WL 12136539, at *4 (E.D.Ark. Sept. 16, 2013)). Sixteen of the Plaintiffs cannot provide any payroll records to show they worked hours for which they were

paid or not paid, because these sixteen Plaintiffs do not have payroll records that document their pay. Joshua Lee, Terrell Parker, Ivan Roseby, Brent Williams, Shecarl Johnson, Carl Kelly, Keith McGee, Justin Holloman, Vida Davis, Thadeus Hamilton, Leeroy Blackmon, Roger Gale, Otha Hall, Monty Butler, Tommie Keener, and Austin Lewis are unable to prove they even performed work.

There is zero documentary evidence that these Plaintiffs can provide to the Court in order to support their claims under the FLSA, and therefore they should each be dismissed with prejudice. The only evidence these Plaintiffs can provide is self-supporting testimony based purely on speculation and guesswork. The fifteen Plaintiffs have failed to provide any details that would allow a jury to determine that these Plaintiffs worked more than forty hours in any specific week, or how to calculate their alleged damages.

**C.      No Helpers have Ever Worked Overtime in a Week**

The opt-in Plaintiffs include nine individuals who only worked as Helpers, and never worked as Drivers. Mark Bowen, Felix Randoph, Antoine Eubanks, Kevin Pitts, D'Angelo Givens, Brian Bell, Ivan Roseby, Keith McGee, Roger Gale, and Mario Bailey are Helpers that have opted-in as Plaintiffs in this suit. Frantz Decl., at ¶ 12; Davis Decl., at ¶ 12; Pumphrey Decl., at ¶ 13; Glason Decl., at ¶ 14; Wilson Decl., at ¶ 14. It is impossible for individuals who worked as Helpers to have ever worked over forty hours in a workweek. Helpers never work more than eight (8) hours in a single day because Helpers only go on trips in order to shorten the trips. New Age's supervisors assign a Helper to a route at the start of each workday. The supervisors are mindful of which Helpers would have worked almost eight hours that week, in the event this ever occurs, and are sure to assign any Helper who worked that much to short trips of six hours or less the other four days of the week. Frantz Decl., at ¶ 11; Davis Decl., at ¶ 11; Pumphrey Decl., at ¶ 12; Glason

11

Decl., at ¶ 13; Wilson Decl., at ¶ 13. It is impossible for any of the ten Helpers to have worked forty hours in a workweek, and that is why they have no evidence to support their claims. As such, they should be dismissed with prejudice.

**D.      Drivers are Exempt Employees**

An "employee employed in a bona fide administrative capacity" is an employee whose primary duty is "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). The employee must be compensated on a salary rate of not less than $455 per week. *Grage v. N. States Power Co.*, 813 F.3d 1051, 1055 (8th Cir. 2015). To qualify for the administrative exemption, an employee's primary duty must "include the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)(3).

The Drivers were paid a guaranteed flat weekly rate above $455.00 a week for entire weeks worked during the entire Applicable Statutory Period. For example, Norvell Williams, a Driver, was always paid in this manner. *See* Ex. G to Defendant's Motion for Summary Judgment. The primary duty of an employee's job is the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. 29 C.F.R. § 541.201(a). Exercise of discretion and independent judgment involves "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). Matters of significance refers to the level of importance or consequence of the work performed. *Id*. Employees can exercise discretion and independent judgment "even if their choices are reviewed at a higher level." 29 C.F.R. § 541.202(c).

Driver's primary duty undoubtedly included the exercise of discretion and independent judgment. The Drivers were in charge of planning their deliveries, deciding the best way to make deliveries at each stop, and deploying the Helper with them in the manner in which the Driver saw fit. Frantz Decl., at ¶ 9; Davis Decl., at ¶ 9; Pumphrey Decl., at ¶ 10; Glason Decl., at ¶ 11; Wilson Decl., at ¶ 11. The Driver's ability at these tasks related to the general business operations of the employer. While the Helpers were not afforded any exercise of independent judgment, the Driver had full control of how the produce was delivered on behalf of New Age. Frantz Decl., at ¶ 10; Davis Decl., at ¶ 10; Pumphrey Decl., at ¶ 11; Glason Decl., at ¶ 12; Wilson Decl., at ¶ 12. Therefore, the administrative exemption applies. To the extent the Court were to determine that the Drivers are non-exempt employees, Defendant is entitled to the fluctuating workweek to calculate any damages owed.

**E.      Any Unpaid Overtime Hours are *De Minimis***

Insubstantial periods of time beyond scheduled work hours, which cannot practically be precisely recorded for payroll purposes, may be disregarded. 29 C.F.R. § 785.47. Courts consider the following factors when determining whether the work performed is de minimis: 1) the amount of time spent on the extra work; 2) the practical administrative difficulties of recording the additional time; 3) the regularity with which the additional work is performed; and 4) the aggregate amount of compensable time." *Lyons v. Conagra Foods Packaged Foods LLC*, 899 F.3d 567, 584 (8th Cir. 2018). Such tasks are typically only a few minutes in duration. *Saunders v. John Morrell & Co.*, No. C88-4143, 1992 U.S. Dist. LEXIS 21716, at *3 (N.D. Iowa Oct. 14, 1992). Plaintiffs have been unable to establish the amount of additional work they performed for Defendant. Defendant notes that if Plaintiffs performed work without being paid, such work would have had to be *de minimis*, otherwise the Plaintiffs would have been paid for this time like they were paid

13

for their time otherwise. Even when aggregated, any extra work would still be far below a substantial amount.

WHEREFORE, Defendant New Age Distrusting Inc., respectfully requests that the Court grant summary judgment and dismiss all claims against Defendant.

Respectfully Submitted,

Brian A. Vandiver, Ark. Bar No. 2001078
Cox, Sterling, McClure & Vandiver, PLLC
8712 Counts Massie Road
North Little Rock, AR 72113
(501) 954-8073
bavandiver@csmfirm.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing pleading was filed with the Clerk of Court and served via ECF to the following on this 25th day of September, 2019:

Sean Short
Josh Sanford
Sanford Law Firm, PLLC
650 S. Shackleford, Suite 411
Little Rock, AR 72211
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

By:   Brian A. Vandiver