IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARIO BAILEY, INDIVIDUALLY
AND ON BEHALF OF OTHERS
SIMILARLY SITUATED                                                               PLAINTIFF

v.                                    CASE NO. 4:18CV00538 JM

NEW AGE DISTRIBUTING, INC.                                                       DEFENDANT

# ORDER

This action is brought under the Fair Labor Standards Act ("FSLA") and the Arkansas Minimum Wage Act ("AMWA"). On June 4, 2019, the Court granted the Plaintiff's Amended Motion for Conditional Class Certification of the following class: All delivery drivers, helpers and driver/helpers employed by New Age Distributing, Inc. since August 17, 2015 who worked more than 40 hours in any given week during that time period. Now pending before the Court are Defendant's motion for summary judgment (docket No. 80) and motion to decertify the class (docket # 83). Plaintiffs have responded, and Defendant has filed reply briefs.

In its motion for summary judgment, Defendant seeks dismissal of all claims made by the collective class against them arguing that the Plaintiffs cannot meet their burden of proof under the FLSA or, as it imposes the same requirements as the FLSA, the AMWA. *See Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. July 27, 2011).

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met: The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, "[to] point[] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

New Age Distributing, Inc. is company that delivers soft drinks by trucks to customers, which range from liquor stores to large grocery stores. The Plaintiffs are Drivers and Helpers. Drivers are distinct from Helpers. Drivers have a main route that they work every workday. There are nineteen delivery routes that the company uses to deliver products to its customers. Drivers are assigned routes on a daily basis. The Driver is responsible for checking the inventory before the truck leaves the distribution center, gassing the truck up before making

deliveries, counting the merchandise upon delivery, and accounting to the Defendant the amounts paid by the customer for the delivery. Drivers are assisted by Helpers who take part in pre-delivery, delivery and post-delivery activities. Drivers have different responsibilities in making deliveries depending on which route the Driver is assigned. Defendant's customers dictate the manner of delivery. Different customers require different amounts of products and manner of delivery. Helpers are assigned on a day-by-day basis to assist Drivers.

Plaintiffs claim that Drivers and Helpers worked in excess of eight hours per day, and often worked more than forty hours per week. In support of their claims, Plaintiffs produced twelve virtually identical declarations from Plaintiffs Mario Bailey, Keith McGee, Ivan Roseby, Brian Bell, Antoine Eubanks, Vida Davis, Brent Williams, Otha Hall, Terrell Parker, Imarcus Ewing and Keith Hatton. Each claim that during their differing terms of employment with New Age, they arrived at the Defendant's facility between 5:00 and 5:30 a.m. for pre-delivery tasks, began the delivery route, worked through lunch or only stopped at a fast food restaurant like McDonald's or Taco Bell, and after delivery returned to the Defendant's facility for post-delivery work, resulting in a work day of approximately ten to twelve hours per day. Each Plaintiff claims to have worked fifty to sixty hours each week. None of the Plaintiffs attach or reference outside materials which support their declarations. Further, none of the Plaintiffs account for any time off for sick days, vacation or holidays.

Defendant argues that the Plaintiffs cannot meet their burden of proof and that all claims against them should be dismissed with prejudice. In an overtime claim, "[a]n employee who sues for unpaid overtime 'has the burden of proving that he performed work for which he was not properly compensated.'" *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (*quoting, Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946)). While § 11(c) of

the FLSA requires employers to keep accurate time records for each employee that is subject to the overtime limits, an employer cannot avoid liability for violations by failing to do so. As recognized by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946):

> [d]ue regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy.

In the situation where employers fail to keep accurate time records, the employee is relieved of proving the precise extent of uncompensated work, and *Anderson* sets out a relaxed evidentiary standard that is to be applied. "Under this relaxed evidentiary standard, once the employee has shown work performed for which the employee was not compensated, and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference,' the burden then shifts to the employer to produce evidence to dispute the reasonableness of the inference." *Carmody v. Kansas City Bd. of Police Com'rs*, 713 F.3d 401, 406 (2013) (citing *Anderson* at 687-88); *see also Holaway v. Stratasys, Inc.*, 771 F.3d. 1057, 1059 (8th Cir. 2014) (summary judgment for employer affirmed where employee put forth contradictory and bare assertions of his overtime hours worked). This relaxed evidentiary standard only applies when there is uncertainty in the amount of the damages, but the existence of damage is certain. *Carmody* at 406; *Anderson* at 688.

Although Plaintiffs are subject to this relaxed standard, they must still provide some "details which would allow a jury to determine [they] worked beyond forty hours in any specific week of [their] employment." *Holaway v. Stratasys, Inc.,* 771 F.3d at 1060. Here, Plaintiffs provide virtually identical declarations which claim each declarant worked the exact same hours,

4

lunched at the same fast food restaurants and fail to account for any holiday, vacation or sick day. Plaintiffs' declarations are unsupported by any record evidence, are overinclusive and uncorroborated. Even taking the evidence in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have "failed to come forward with sufficient evidence to show the amount and extent of [overtime] work which would allow a fact-finder to find overtime hours as a matter of just and reasonable inference." *Holaway,* 771 F.3d at 1060 (quoting *Anderson*, 328 U.S. at 687–88, 66 S.Ct. 1187).

For these reasons, Defendant's motion for summary judgment (docket No. 80) is GRANTED, and the complaint is dismissed with prejudice. Defendant's motion to decertify the class (docket No. 83) is denied as moot.

IT IS SO ORDERED this 21st day of November, 2019.

_____
James M. Moody Jr.
United States District Judge